## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **The Cherokee Nation West,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 14-CV-612-JED-TLW** |
| **v.** | ) | |
| | ) | |
| **U.S. Army Corps of Engineers, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

The Court has for its consideration defendants' Motion to Dismiss Plaintiff's Complaint as Moot (the "Motion") (Doc. 24), which plaintiff has opposed (Doc. 27).  For the reasons discussed herein, the Court finds that the Motion should be granted in part and denied in part.

## I.      Background

Plaintiff, the Cherokee Nation West, an unincorporated association of Native Americans, filed this lawsuit against defendants United States Army Corps of Engineers ("USACE") and Tom Heathcock[1] in his official capacity as the Operations Project Manager of Fort Gibson Lake. Plaintiff alleges that defendants violated the Establishment Clause, Free Exercise Clause, Free Speech Clause, Due Process Clause, and Equal Protection Clause of the United States Constitution, as well as the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.* ("RFRA") and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.* ("RLUIPA"), when they denied plaintiff's permit requests to hold spring and fall fire ceremonies on Fort Gibson Lake.  Plaintiff holds spring and fall fire ceremonies every year, which to the tribe, "act as a welcoming of life."   (Doc. 1, ¶ 20).  Plaintiff states that it has a

---

[1]    Defendants represent that, pursuant to Fed. R. Civ. P. 25(d), Johnathan Polk has been substituted for Tom Heathcock, who retired in December 2014.  (Doc. 24 at 2 n.1).

sincerely held religious belief to hold the fire ceremonies at the Taylor Ferry North area of Fort Gibson Lake because the mounds located there were used by its ancestors. (*Id.*, ¶¶ 17, 59).

As of the date this lawsuit was filed, plaintiff had submitted four applications for a special event permit to hold its fire ceremonies at Fort Gibson Lake. Plaintiff first applied for a permit on March 6, 2012. (*Id.*, ¶ 31). The permit was initially granted but was rescinded two days later due to complaints from another tribe, the Cherokee Nation of Oklahoma, that plaintiff's use of Fort Gibson Lake for a fire ceremony was sacrilegious. (*Id.*, ¶¶ 35-37). Plaintiff subsequently applied for special event permits on August 4, 2012, March 18, 2014, and September 17, 2014. Plaintiff's application was denied on each occasion. Plaintiff was informed that each denial was a result of complaints that defendants received from federally recognized tribes. (*Id.*, ¶¶ 42-51). Defendants also cited to a presidential memorandum and Executive Orders in support of their decision. (*Id.*, ¶ 51).

Plaintiff filed this lawsuit on October 10, 2014 requesting injunctive relief, declaratory relief, as well as compensatory and nominal damages. (*Id.* at 17). Plaintiff requests that the Court declare unconstitutional defendants' "policies and actions of denying Plaintiff access to the public lands at Fort Gibson" and seeks a preliminary and permanent injunction prohibiting defendants from discriminating against plaintiff and allowing them "access to the public lands on the same terms and conditions as others." (Doc. 1 at 17).

 On October 31, 2014, defendants rescinded their denial of plaintiff's September 17, 2014 permit application. Plaintiff held its fire ceremony on Fort Gibson Lake on November 7, 2014. (Doc. 24 at 5). Defendants later granted plaintiff's February 10, 2015 permit application. (Doc. 28-1, ¶¶ 9-10).

## II.      Legal Standard

Generally, in considering a motion to dismiss, the Court must rely only on the allegations contained in the complaint. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). However, when a party seeks dismissal pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, the district courts have wide discretion to consider affidavits and other documents to resolve disputed jurisdictional facts. *Id.* at 1003; *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003) (quoting *Holt*, 46 F.3d at 1003).   "In such instances, a court's reference to evidence outside the pleadings does not convert the motion [to dismiss] to a Rule 56 motion [for summary judgment]." *Id.*

## III.     Discussion

Defendants' Motion argues that the Court lacks subject matter jurisdiction over plaintiff's claims for declaratory and injunctive relief under the mootness doctrine.  Specifically, defendants argue that because they withdrew their denial of plaintiff's September 17, 2014 permit application, there is no longer a live case or controversy for the Court to adjudicate.  (Doc. 24 at 7-8).  In response, plaintiff argues that its claims for injunctive and declaratory relief are not moot because the voluntary cessation exception to the mootness doctrine applies.  (Doc. 27 at 3-5).  Plaintiff's Response also raises the issue that its damages claims are not moot.  (*Id*. at 2-3). Defendants reply that plaintiff's damages claims are barred under the doctrine of sovereign immunity.  (Doc. 28 at 2-5).  Although defendants' Motion appears to be solely premised on plaintiff's requests for injunctive and declaratory relief, the Court will also address the parties' arguments regarding plaintiff's damages claims.[2]

---

[2] While courts "generally do not 'review issues raised for the first time in a reply brief, [they will] make an exception when the new issue argued in the reply brief is offered in response to an argument raised in the [plaintiff's] brief.'" *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1119

A.  **Plaintiff's Claims for Injunctive and Declaratory Relief**

Defendants argue that plaintiff's claims for injunctive and declaratory relief are moot because the Court "need not, and indeed could not, enjoin the Corps to provide Plaintiff with access to Taylor Ferry for the purposes of its semi-annual ceremony because the Corps already permitted the activity." (Doc. 24 at 7).  In response, plaintiff argues that the voluntary cessation of conduct exception to the mootness doctrine applies to this case.  (Doc. 27 at 3-5).

"'[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).  One exception to the mootness doctrine arises where a defendant voluntarily ceases the allegedly improper conduct which it is free to resume at any time. *Chihuahuan Grasslands All. v. Kempthorne*, 545 F.3d 884, 892 (10th Cir. 2008).  "This exception is based on 'the principle that a party should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable behavior.'" *Id.* (quoting *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n.1 (2001)).  Accordingly, a defendant's voluntary cessation of conduct will only moot a case if "(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Davis*, 440 U.S. at 631.

A defendant arguing that its voluntary cessation moots a case "bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,

_____

(10th Cir. 2015) (quoting *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1166 n.3 (10th Cir. 2003)).

528 U.S. 167, 190 (2000).  "Such a burden will typically be met only by changes that are permanent in nature and that foreclose a reasonable chance of recurrence of the challenged conduct."  *Tandy v. City of Wichita*, 380 F.3d 1277, 1291 (10th Cir. 2004).

Defendants argue that "the only controversy for which Plaintiff sought judicial relief has been eliminated."  (Doc. 24 at 12).  However, as defendants acknowledge, plaintiff's lawsuit is not limited to defendants' denial of its September 17, 2014 permit application.  Specifically, plaintiff's Complaint states that it seeks to "hold these fire ceremonies at Fort Gibson Lake in March 2015, *and beyond*."  (Doc. 1, ¶ 52) (emphasis added).  Defendants' argument that the case is moot solely because defendants granted plaintiff's permit application is based on a narrow view of the mootness doctrine, which the Supreme Court has rejected.  *See Friends of the Earth, Inc.*, 528 U.S. at 190 (noting that "the description of mootness as 'standing set in a time frame' is not comprehensive").

Based upon a review of plaintiff's Verified Complaint (Doc. 1), the affidavits of Johnathan Polk (Docs. 24-1, 28-1), and the parties' briefing, the Court finds that defendants have not satisfied their heavy burden.  Under the first part of the test, defendants must convince the Court that there is no reasonable expectation that their alleged conduct—discriminatory denial of plaintiff's permit application—will recur.  *See Davis*, 440 U.S. at 631.  The Tenth Circuit has found that defendants satisfy their burden under this prong where they provide actual evidence of a permanent policy change.  *See, e.g.*, *Tandy*, 380 F.3d at 1291 (finding claim challenging bus driver-discretion policy moot because defendant provided documents showing that the policy had been officially discontinued).  In fact, *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096 (10th Cir. 2010), the case defendants rely on, is instructive on this point.  In *Rio Grande*, environmental groups filed a lawsuit challenging the validity of biological opinions

issued by a federal agency.  The Tenth Circuit raised the issue of mootness sua sponte and held that because the agency had recently issued a new biological opinion that superseded the challenged opinions, "there [was] no reasonable expectation that Reclamation will revert to using the same consulting process which resulted in the [opinions giving rise to the lawsuit]."  601 F.3d at 1117.  The Court also noted that the new opinion "establishe[d] a new regulatory framework under which the propriety of [defendant's] actions must be judged."  *Id.* at 1111.  The Tenth Circuit contrasted the facts present in *Rio Grande* to a hypothetical case where a defendant provides "a mere informal promise or assurance . . . that the challenged practice will cease," which would weigh against a finding of mootness.  *Rio Grande*, 601 F.3d 1096 at 1118 (internal quotations and citations omitted).

Unlike the defendant in *Rio Grande*, defendants in this case have not taken any steps to suggest there is no reasonable expectation plaintiff's permit application may be denied on allegedly discriminatory grounds in the future.  Defendants merely reiterate that its permit application policy "requires it to consider applications on a case-by-case basis."  (Doc. 24 at 12). But this policy—which there is no evidence to show has changed—is the basis for plaintiff's lawsuit.  Moreover, the record is completely devoid of any facts suggesting that defendants' motivation for rescinding its denial of plaintiff's September 2014 application and its subsequent decision to grant plaintiff's February 2015 application stem from a change in defendants' implementation of its policy.

Of particular noteworthiness is the fact that defendants granted plaintiff's permit application for the first time just weeks following plaintiff's initiation of this lawsuit.  Such facts suggest that this case presents precisely the type of situation that the voluntary cessation exception was created to counteract: "the possibility of a defendant ceasing illegal action long

enough to render a lawsuit moot and then resuming the illegal conduct." *Kempthorne*, 545 F.3d at 892. Absent concrete evidence to the contrary, the Court is unable to determine that "it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc.*, 528 U.S. at 190. Accordingly, plaintiff's claims for injunctive and declaratory relief are not moot.

### B. Plaintiff's Claims for Damages

In response to defendants' Motion, plaintiff argues that its claims for nominal and compensatory damages are not moot under *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1526 (10th Cir. 1992). (Doc. 27 at 2-3). Defendants' Reply does not dispute this proposition of law, but argues that plaintiff nonetheless cannot sustain its damages claims under the doctrine of sovereign immunity. (Doc. 28 at 2-5).

The United States, its agencies, and its officers acting in their official capacity are generally shielded from lawsuits by the doctrine of sovereign immunity. *Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 1290, 1295-96 (10th Cir. 2009). "The defense of sovereign immunity is jurisdictional in nature, depriving courts of subject-matter jurisdiction where applicable." *Id.* General jurisdictional statutes, such as 28 U.S.C. § 1331, do not waive the government's sovereign immunity, and thus "a party seeking to assert a claim against the government under such a statute must also point to a specific waiver of immunity in order to establish jurisdiction." *Id.* (citing *Lonsdale v. United States*, 919 F.2d 1440, 1443-44 (10th Cir. 1990)). Such a waiver must be unequivocally expressed. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992).

The Court finds that defendants have not waived sovereign immunity as to plaintiff's claims for monetary damages. As defendants properly argue, neither RFRA nor RLUIPA

include waivers of the federal government's sovereign immunity for actions requesting money damages.   *See United States v. Dillard*, 884 F. Supp. 2d 1177, 1182 (D. Kan. 2012), *aff'd,* 795 F.3d 1191 (10th Cir. 2015) (no waiver of federal government's sovereign immunity for monetary damages claims under RFRA or RLUIPA).   Nor has the federal government waived its sovereign immunity as to damages claims under the Constitution.  *See Benoit v. U.S. Dep't of Agric.*, 608 F.3d 17, 20 (D.C. Cir. 2010) ("[S]uits for damages against the United States under . . . the Constitution are barred by sovereign immunity."); *Heffington v. Bush*, 337 F. App'x 741, 743 (10th Cir. 2009) (unpublished) (holding that a constitutional claim for damages against a federal agency is barred by sovereign immunity).

Thus, plaintiff's claims for monetary damages against defendants are barred by sovereign immunity.

## IV.     Conclusion

For the reasons discussed above, the Court finds that defendants' Motion should be **granted in part** and **denied in part**.

SO ORDERED this 31st of August, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE